UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BRIAN DAVID VAN KIRK and
JACQUELINE M. VAN KIRK,

       Plaintiffs,

vs.

BUFFY JO WELDON,

       Defendant.

Case No. 2:20-CV-11761
Hon. Terrence G. Berg
Magistrate Judge David R. Grand

| | |
|---|---|
| Brian D. Van Kirk | Allan C. Vander Laan (P33893) |
| Jacqueline M. Van Kirk | Cummings, McClorey, Davis & Acho, P.L.C. |
| *Plaintiffs In Pro Per* | *Attorneys for Defendant* |
| 2525 Meanwell Rd. | 2851 Charlevoix Dr., S.E., Ste. 327 |
| Petersburg, MI 49270 | Grand Rapids, MI 49546 |
| Ph: (734) 269-2100 | Ph: (616) 975-7470 |
| beaver.bvk@gmail.com | avanderlaan@cmda-law.com |

## <u>MOTION BY DEFENDANT WELDON SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)</u>

**NOW COMES** the Defendant Buffy Jo Weldon by and through her attorneys,

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by Allan C. Vander Laan,

and moving this Court under Fed. R. Civ. P. 12(b)(6) to dismiss the Plaintiffs'

Complaint, states:

    1.    Plaintiffs Brian David Van Kirk and Jaqueline M. Van Kirk have sued

Defendant Buffy Jo Weldon in her "official capacity" for alleged violation of the

Van Kirks' rights under both the "substantive aspect" and "procedural aspect" of the

due process clause of the Fourteenth Amendment to the federal Constitution. **(R. 1, PageID.2, 4, 9, Complaint, Defendant Identification, Jurisdiction Section II. B. and "Statement of Claim" ¶ 18).**

2.      As described more fully in the accompanying brief, the Van Kirks' claims are barred by the applicable three-year statute of limitations, because the claims accrued more than three years before the date of filing of the present case. *Wolfe v. Perry*, 412 F.3d 707, 713-4 (6th Cir. 2005), *Hardin v. Straub*, 490 U.S. 536, 540 (1989).

3.      The Van Kirks cannot sustain a claim under the notion of "substantive due process," because the Plaintiffs have an explicit textual source for a claim (albeit without merit) under the procedural due process guarantee of the Fourteenth Amendment. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-7 (1998), *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

4.      The Van Kirks cannot sustain a procedural due process claim, because they have been afforded notice and an opportunity to be heard (multiple times) with regard to the tax assessment and foreclosure actions that they allege to have been the denial of "due process." *Mathews v. Eldridge*, 424 U.S. 319, 332-3 (1976).

5.      Pursuant to Local Rule 7.1(a), counsel attempted to obtain concurrence with Plaintiff by telephone on July 14, 2020.  Counsel explained the nature of the Motion and the local Court Rules to Jacqueline Van Kirk.  She upheld that she would

2

discuss with her husband and call back that day.  Counsel gave her his office and cell phone number.  As of July 16, 200, counsel has received no call.  It is assumed concurrence has been denied.

WHEREFORE, Defendant Buffy Jo Weldon asks this Court to dismiss this case in its entirety under Fed. R. Civ. P. 12(b)(6), for the reasons just stated and as more fully described in the accompanying brief.

<div style="margin-left: 40%;">

/s/Allan C. Vander Laan
*Attorneys for Defendant*
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
Ph: (616) 975-7470
Primary Email: avanderlaan@cmda-law.com
P33893

</div>

Dated: July 16, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BRIAN DAVID VAN KIRK and
JACQUELINE M. VAN KIRK,

      Plaintiffs,

vs.

BUFFY JO WELDON,

      Defendant.

Case No. 2:20-CV-11761
Hon. Terrence G. Berg
Magistrate Judge David R. Grand

| | |
|---|---|
| Brian D. Van Kirk | Allan C. Vander Laan (P33893) |
| Jacqueline M. Van Kirk | Cummings, McClorey, Davis & Acho, P.L.C. |
| *Plaintiffs In Pro Per* | *Attorneys for Defendant* |
| 2525 Meanwell Rd. | 2851 Charlevoix Dr., S.E., Ste. 327 |
| Petersburg, MI 49270 | Grand Rapids, MI 49546 |
| Ph: (734) 269-2100 | Ph: (616) 975-7470 |
| beaver.bvk@gmail.com | avanderlaan@cmda-law.com |

## **BRIEF IN SUPPORT OF MOTION BY DEFENDANT WELDON SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)**

01144284-1

## **TABLE OF CONTENTS**

Table of Authorities.................................................................................. ii

Questions Presented ................................................................................ iv

Most Controlling Authority...................................................................... v

Statement of Facts ................................................................................... 1

Argument.................................................................................................. 4

I.   THE VAN KIRKS' CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS ........................................................................................ 4

II.  THE VAN KIRKS FAIL TO STATE PLAUSIBLE CLAIMS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT...................................................................................... 7

Conclusion and Relief Requested .......................................................... 13

# TABLE OF AUTHORITIES

## Cases

*American Premiere Underwriters, Inc. v. National Railroad Passenger Corporation*, 839 F.3d 458 (6th Cir. 2016)..............................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................4

*Bachor v. City of Detroit*, 49 Mich. App. 507, 212 N.W.2d 302 (1973) ...............9

*Brock v. Hendershott*, 840 F.2d 339 (6th Cir. 1988) ..............................9

*Conn v. Gabbert*, 526 U.S. 286 (1999)...................................................10

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ..........................................10

*Doe v. DeWine*, 910 F.3d 842 (2018) ....................................................8

*Dusenbery v. United States*, 534 U.S. 161 (2002) ..................................................8

*Graham v. Connor*, 490 U.S. 386 (1989)..................................................10

*Hardin v. Straub*, 490 U.S. 536 (1989) ....................................................5

*Kentucky v. Graham*, 473 U.s. 159 (1985)..............................................11

*Kolley v. Adult Protective Services*, 725 F.3d 581 (6th Cir. 2013) ........................4

*Mathews v. Eldridge*, 424 U.S. 319 (1976) ..............................................8

*Mays v. Snyder*, 323 Mich. App. 1, 916 N.W.2d 227 (2018)............................2, 6

*McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149 (2019) ..................................5

*Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505 (6th Cir. 2010)..................................................................4

*Seal v. Morgan*, 229 F.3d 568 (6th Cir. 2000)........................................11

*Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*,
821 F.3d 780 (6th Cir. 2016) ........................................................................ 4

*Wallace v. Kato*, 549 U .S. 384 (2007) .................................................... 5

*Washington v. Glucksberg*, 221 U.S. 702 (1997) ................................. 11

*Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005) ......................................... 5

*Wykoff v. Winisky*, 9 Mich. App. 662, 158 N.W.2d 55 (1968) .............. 9

*Young v. Township of Green Oak*, 471 F.3d 674 (6th Cir. 2006) ......... 10

## **Statutes**

M.C.L. 600.6419(1) ............................................................................ 2, 6

## **Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................... 4, 13

## <u>QUESTIONS PRESENTED</u>

I.    ARE THE CLAIMS ASSERTED BY THE PLAINTIFFS BARRED BY THE APPLICABLE THREE-YEAR STATUTE OF LIMITATIONS?

The Plaintiffs will answer: "No."

Defendant Buffy Jo Weldon answers: "Yes."

II.    HAVE THE PLAINTIFFS FAILED TO STATE A COGNIZABLE CLAIM UNDER THE "SUBSTANTIVE ASPECT" OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT?

The Plaintiffs will answer: "No."

Defendant Buffy Jo Weldon answers: "Yes."

III.    HAVE THE PLAINTIFFS FAILED TO STATE A COGNIZABLE CLAIM UNDER THE "PROCEDURAL ASPECT" OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT?

The Plaintiffs will answer: "No."

Defendant Buffy Jo Weldon answers: "Yes."

## <u>MOST CONTROLLING AUTHORITY</u>

*American Premiere Underwriters, Inc. v. National Railroad Passenger Corporation*, 839 F.3d 458 (6th Cir. 2016)............................................ 5

*Conn v. Gabbert*, 526 U.S. 286 (1999).................................................................. 10

*Dusenbery v. United States*, 534 U.S. 161 (2002) ................................................ 8

*Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005) ......................................................... 5

## STATEMENT OF FACTS

As described by Plaintiffs Brian David Van Kirk and Jacqueline M. Van Kirk, they purchased at a July 24, 2010 tax auction a property that was "*advertised, assessed, and taxed as a waterfront lot.*"  **(ECF No. 1, PageID.5, Complaint, Statement of Claim, ¶ 1)**.  In 2012, the Van Kirks appealed the tax assessment on the property to both the Nunda Township Board of Review and the Michigan Tax Tribunal, but without success.  **(ECF No. 1, PageID.5, Complaint, Statement of Claims, ¶¶ 2-5)**.

The Van Kirks further claim that in March of 2015 they "*discovered*" additional evidence to support their contention that the assessment of their property was erroneous.  **(ECF No. 1, PageID.5-6, Complaint, Statement of Claim, ¶ 6)**. They asserted this contention in letters to the Michigan Department of Treasury, the Michigan Tax Commission, the Nunda Township Assessor and the Michigan Department of Treasury "Fraud Unit" during the period from May through November of 2015.  **(ECF No. 1, PageID.7, Complaint, Statement of Claim, ¶¶ 7-10)**.  They also contacted the FBI in August of 2015 claiming to have been subject to "*fraudulent assessment*" through "*public corruption within the judicial and executive branches of the Michigan government.*"  **(ECF No. 1, PageID.7, Complaint, Statement of Claim, ¶ 11)**.

Unsuccessful in obtaining by those efforts an assessment they deemed proper, the Van Kirks filed suit on March 15, 2016 in the Michigan Court of Claims against Defendant Weldon's predecessor in the office of Cheboygan County Treasurer, Linda Cronan.  **(ECF No. 1, PageID.7, Complaint, Statement of Claim, ¶ 12)**. The case was dismissed for lack of jurisdiction.  **(ECF No. 1, PageID.7-8, Complaint, Statement of Claim, ¶ 12)**.  There is no indication that the Van Kirks ever appealed this result.[1]

Having decided that they *"would not be paying our delinquent taxes on the fraudulently assessed lot"* **(ECF No. 1, PageID.9, Complaint, Statement of Claim, ¶ 19)**, the Van Kirks found themselves subject to tax foreclosure proceedings by Defendant Weldon based upon the long-established assessment that they had repeatedly challenged.  **(ECF No. 1, PageID.8-9, Complaint, Statement of Claim, ¶¶ 14-19)**.  They filed suit against Defendant Weldon - - filing their action in the Michigan Court of Claims, where the case was again dismissed for lack of jurisdiction.  **(ECF No. 1, PageID.9-10, Complaint, Statement of Claim, ¶ 20)**. They did not appeal or present their claim in a state court having jurisdiction. Instead, they filed the present action alleging that Defendant Weldon has violated

---

[1] The jurisdiction of the Michigan Court of Claims is limited to actions against the *State* of Michigan, *State* agencies and *State* employees.  Michigan Compiled Laws 600.6419(1).  "The jurisdiction of the Court of Claims does not extend to local officials."  ***Mays v. Snyder***, 323 Mich. App. 1, 47, 916 N.W.2d 227, 255 (2018).

both the *"substantive aspect"* and *"procedural aspect"* of the Van Kirks' *"due process"* rights under the Fourteenth Amendment to the federal Constitution. **(ECF No. 1, PageID.4, 9, Complaint, Basis for Jurisdiction I. B. and Statement of Claim, ¶ 19)**.

Defendant Buffy Jo Weldon now seeks dismissal of the Van Kirks' present case. She does so on two equally dispositive grounds.

First, the Van Kirks manifestly knew of their cause of action no later than their first "appeal" in March of 2012. The Van Kirks went so far as to file suit against Defendant Weldon's predecessor in March of 2016. It is Defendant Weldon's position that their cause of action accrued in 2012 (*and indisputably by 2016*) such that present action against Weldon is barred by the applicable three-year statute of limitations.

Second, it is the position of Defendant Weldon that the Van Kirks have not alleged facts to state a cognizable claim under either the "substantive aspect" or "procedural aspect" of the Fourteenth Amendment. Therefore, their case also fails on the merits.

## ARGUMENT

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint." *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Kolley v. Adult Protective Services*, 725 F.3d 581, 585 (6th Cir. 2013).

"[D]ismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to state a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Iqbal*, 556 U.S. at 678.  These affirmative defenses include statute of limitations, if "the allegations in the complaint affirmatively show that the claim is time-barred." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016).

## I.    THE VAN KIRKS' CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS.

The Plaintiffs expressly identify that they are suing Defendant Weldon in her "*official capacity*" for alleged violation of the "*substantive aspect*" and "*procedural aspect*" of the Due Process Clause of the Fourteenth Amendment to the federal Constitution.  **(ECF No. 1, PageID.2-4, Complaint, Designation of Defendants**

and "Basis for Jurisdiction II. A. B. and D.). For claims brought under §1983, "federal law looks to the law of the State in which the cause of action arose . . . for the length of the statute of limitations." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For constitutional claims arising in the State of Michigan, the statutory limitations period is three years. *Hardin v. Straub*, 490 U.S. 536, 538-40 (1989), *Wolfe v. Perry*, 412 F.3d 707, 713-4 (6th Cir. 2005).

But the "accrual" date of a §1983 cause of action (i.e., the date upon which the statute of limitations begins to run) "is a question of federal law." *Wallace*, 549 U.S. at 388. "An accrual analysis begins with identifying the specific constitutional right alleged to have been infringed." *McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2155 (2019). A cause of action accrues "when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388.

Due process claims accrue "at the time that process was denied because the allegedly infirm process is an injury in itself." *American Premiere Underwriters, Inc. v. National Railroad Passenger Corporation*, 839 F.3d 458, 461 (6th Cir. 2016). Significantly, a due process cause of action accrues as soon as the plaintiff has reason to know that an actionable wrong has been done, "[e]ven if the entity sued has not yet reached a 'final decision' on the underlying substantive issues." *Id*.

Bearing in mind that Defendant Weldon is sued in her "official capacity" as a Cheboygan County Treasurer (and as successor to the former treasurer), the Plaintiffs were well aware of the allegedly wrongful assessment of their property (and the consequence of foreclosure) far longer than three years before filing the present suit. According to their complaint, they had already appealed the assessment as early as 2012 to both the Nunda Township Board of Review and the Michigan Tax Tribunal. **(ECF No. 1, PageID.5, Complaint, Statement of Claim, ¶¶ 2-3).** Alleged "discovery" of additional information in March of 2015 led the Plaintiffs to dispute the assessment during the course of 2015 by letters to the Michigan Department of Treasury, the Michigan Tax Commission, the Nunda Township Assessor and even the FBI. **(ECF No. 1, PageID.5, 7, Complaint, Statement of Claim, ¶¶ 6-11).**

More importantly, by March 14, 2016 the Plaintiffs filed suit against Defendant Weldon's "official capacity" predecessor, Linda Cronan, in the Michigan Court of Claims. **(ECF No. 1, PageID.7-8, Complaint, Statement of Claim, ¶ 12).** The case was dismissed on jurisdictional grounds **(ECF No. 1, PageID.7-8, Complaint, Statement of Claim, ¶ 12)**, doubtless because the Court of Claims has jurisdiction only over cases filed against the state, state agencies and state officers, not county officials.  M.C.L. 600.6419(1), ***Mays v. Snyder***, 223 Mich. App. 1, 47, 916 N.W.2d 227, 225 (2018).

Apparently unaware of their attentive jurisdictional and/or appellate options (i.e., "*[b]ewildered*") the Plaintiffs "*simply chose not to pay the fraudulently assessed taxes,*" and "*the Michigan forfeiture/foreclosure process ensued.*" (**ECF No. 1, PageID.8, Complaint, Statement of Claim, ¶¶ 13-14**). Nevertheless, the alleged "wrong" (i.e., the allegedly "fraudulent assessment") was known to and actionable by the Plaintiffs even before they filed suit in March 2016. They knew of the "wrong" in 2012 - - and confirmed their knowledge by filing their 2016 suit.

The Plaintiffs did not file the present action until June 19, 2020. This filing was just four days short of <u>four years</u> after the Michigan Court of Claims "closed" the Plaintiffs' case against former treasurer Cronan on June 23, 2016. (**ECF No. 1, PageID.8, Complaint, Statement of Claim, ¶ 12**). It was more than <u>five years</u> after the Plaintiffs "discovered" the photographic materials that they claim as proof that the tax assessment of their property was wrong. (**ECF No. 1, PageID.5, Complaint, Statement of Claim, ¶ 6**). It was <u>eight years</u> after the Plaintiffs originally challenged the assessment as improper in 2012. (**ECF No. 1, PageID.5, Complaint, Statement of Claim, ¶¶ 2-4**).

Under any of these measures, the Plaintiffs' claim against Defendant Weldon accrued more than three years before they filed their present lawsuit on June 19, 2020. Their claim is barred by the three-year statute of limitations.

## II. THE VAN KIRKS FAIL TO STATE PLAUSIBLE CLAIMS UNDER THE DUE

## PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

The Due Process Clause of the Fourteenth Amendment "contains both a procedural and a substantive component." *Doe v. DeWine*, 910 F.3d 842, 851 (2018). The Plaintiffs' alleged claims under both. But under the facts alleged by the Plaintiffs, both claims fail on their merits.

### A. The Plaintiffs have not pleaded facts showing any denial of "procedural" due process.

The fundamental requirements of procedural due process are (1) "notice" of potential government action and (2) "the opportunity to be heard at a meaningful time and in a meaningful manner" to oppose such action. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002), *Mathews v. Eldridge*, 424 U.S. 319, 333-334 (1976).

The Plaintiffs' contention that they have been denied procedural due process defies their own factual representations in their complaint. They have contested the allegedly wrongful assessment of their property through formal appeals in 2012 to both the Nunda Township Board of Review and the Michigan Tax Tribunal. **(ECF No. 1, PageID.5, Complaint, Statement of Claim, ¶¶ 2-5)**. In 2015 they wrote letters to the Michigan Department of Treasury, the Michigan Tax Commission, the Nunda Township Assessor, the Michigan Department of Treasury "Fraud Unit" and the FBI. They then filed two successive lawsuits in the Michigan Court of Claims

(first against Linda Cronan in 2016 and then against Defendant Weldon in 2019). These two suits were dismissed without ruling on the merits. But this resulted from the Plaintiffs' erroneous choice of forum, not from any denial of an opportunity for hearing on the merits, which the Plaintiffs could have obtained had they filed suit in the proper court.

By their own recitation, the Plaintiffs have been "heard" multiple times. To the extent they did not get a hearing on the merits in their two Court of Claims cases, this resulted from their own improper choice of a forum lacking jurisdiction over their case. And, as this Court has established, a litigant who chooses to represent himself should be treated no differently than a litigant represented by counsel. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). The Michigan courts likewise recognize that parties who chose to represent themselves are bound by the regular rules of court and substantive law and that those parties must accept the consequence that their best interest might have been better served by finding an attorney. *Bachor v. City of Detroit*, 49 Mich. App. 507, 512, 212 N.W.2d 302, 304 (1973), *Wykoff v. Winisky*, 9 Mich. App. 662, 669, 158 N.W.2d 55, 58 (1968). The reality that the Plaintiffs may have undermined their opportunities to be heard by choosing to represent themselves does not mean they were deprived of procedural due process.

Moreover, the Plaintiffs particularly fail to identify any actions *by Defendant Weldon* that denied them notice or an opportunity to be heard. Defendant Weldon

disagreed with the Plaintiffs' contentions. But Plaintiffs fail to identify how any action by Weldon denied them their opportunity for hearing in the foreclosure proceedings.

Indeed, the Plaintiffs acknowledge that a foreclosure hearing took place on February 11, 2019, but the Plaintiffs arrived "*15 minutes late*," by which time the state court had already entered its judgment of foreclosure. **(ECF No. 1, PageID.8, Complaint, Statement of Claim, ¶ 17)**. The Plaintiffs admit that it was "*inclement weather*" that caused them to be late. This was certainly not the fault of Defendant Weldon. The Plaintiffs have failed to state a cognizable procedural due process claim against Weldon.

### B. The Plaintiffs have not pleaded facts showing any denial of "substantive" due process.

The "substantive component" of the Due Process Clause protects certain "fundamental" rights "from deprivation at the hands of arbitrary and capricious government action." *Young v. Township of Green Oak*, 471 F.3d 674, 684 (6th Cir. 2006). See also *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). But "[w]here another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under the explicit provision and not the more generalized notion of substantive due process." *Conn v. Gabbert*, 526 U.S. 286, 293 (1999) citing *Graham v. Connor*, 490 U.S. 386, 395

(1989). As has just been addressed, the Plaintiffs presented a procedural due process claim under the explicit textual source of the Fourteenth Amendment. Given the availability of such ground for the Plaintiffs to attack the actions of Defendant Weldon (and her predecessor in "official capacity"), they cannot resort to a claim of substantive due process.

Moreover, even assuming arguendo that the Plaintiffs can assert a substantive due process claim, their allegations still fail to state a cognizable claim. It must be born in mind that an "official capacity" claim against a government official represents "only another way of pleading an action against the entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). In the circumstance of a claim against a governmental entity, actions "that do not affect fundamental rights or liberty interests and do not involve suspect classifications" will be upheld against a substantive due process challenge if the actions "are rationally related to a legitimate state interest." *Seal v. Morgan*, 229 F.3d 568, 575 (6th Cir. 2000). In this context, the list of "fundamental" rights and liberty interests is limited to marriage, childbearing, childrearing and bodily integrity." *Id.*, at 574-5, citing *Washington v. Glucksberg*, 221 U.S. 702 (1997). The property rights at issue in the circumstances of a tax assessment and foreclosure proceeding are not of this kind. Therefore, the "official capacity" actions of Defendant Weldon were proper, if rationally related to a legitimate state interest.

Assessment and collection of taxes (including collection of arrearages through foreclosure) are rationally related to legitimate government funding interests. There is no basis in the factual allegations of the Plaintiffs to suggest that Defendant Weldon's actions were not rationally related to that purpose. Therefore, they cannot sustain a substantive due process claim.

## <u>CONCLUSION AND RELIEF REQUESTED</u>

As described above, the claims presented by Plaintiffs Brian David Van Kirk and Jacqueline M. Van Kirk are barred by statute of limitations. Furthermore, the Van Kirks have failed to plead facts capable of sustaining cognizable claims against Defendant Buffy Jo Weldon. Therefore, this case should be dismissed under Fed. R. Civ. P. 12(b)(6).

<div style="margin-left:40%;">

s/Allan C. Vander Laan
*Attorneys for Defendant*
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
Ph: (616) 975-7470
Primary Email: avanderlaan@cmda-law.com
P33893

</div>

Dated: July 16, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BRIAN DAVID VAN KIRK and
JACQUELINE M. VAN KIRK,

        Plaintiffs,

vs.

BUFFY JO WELDON,

        Defendant.

Case No. 2:20-CV-11761
Hon. Terrence G. Berg
Magistrate Judge David R. Grand

| | |
|---|---|
| Brian D. Van Kirk<br>Jacqueline M. Van Kirk<br>*Plaintiffs In Pro Per*<br>2525 Meanwell Rd.<br>Petersburg, MI 49270<br>Ph: (734) 269-2100<br>beaver.bvk@gmail.com | Allan C. Vander Laan (P33893)<br>Cummings, McClorey, Davis & Acho<br>*Attorneys for Defendant*<br>2851 Charlevoix Dr., S.E., Ste. 327<br>Grand Rapids, MI 49546<br>Ph: (616) 975-7470<br>avanderlaan@cmda-law.com |

## **PROOF OF SERVICE**

    Hillary Tierney, an employee of the law firm of Cummings, McClorey, Davis & Acho, P.L.C., states that on July 16, 2020, she served a true copy of: Defendant Cheboygan County Treasurer, Buffy Jo Weldon's Motion Seeking Dismissal Under Fed. R. Civ. P. 12(b)(6) and Brief in Support, by placing said document(s) in an envelope with first-class postage thereon, addressed to:

<div align="center">
Brian D. Van Kirk<br>
Jacqueline M. Van Kirk<br>
2525 Meanwell Road<br>
Petersburg, MI 49270
</div>

and depositing said envelope in a United States Postal Service receptacle.

                                             _Hillary Tierney_
                                             Hillary Tierney