UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN DAVID VAN KIRK** and **JACQUELINE M. VAN KIRK**,<br><br>Plaintiffs,<br><br>vs.<br><br>**BUFFY JO WELDON**,<br><br>Defendant. | 2:20-CV-11761-TGB-DRG<br><br>ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATION TO DISMISS THE CASE |

This matter is before the Court on Magistrate Judge David Grand's Report and Recommendation (ECF No. 16), which recommends that the Court dismiss the case for lack of subject matter jurisdiction and deny Defendant's motion to dismiss (ECF No. 5) as moot.

## I.  BACKGROUND

This is a pro se civil rights case: Plaintiffs Brian and Jacqueline Van Kirk sued Buffy Jo Weldon, Treasurer for Cheboygan County, alleging violations of their rights in a tax and foreclosure dispute related to property they purchased from the County. ECF No. 1. In brief, Judge Grand's recommendation is based on the finding that the Tax Injunction Act ("TIA") prevents the Court from hearing this case at all, because

Plaintiffs' complaint deals with the "assessment, levy, or collection" of a state tax. He further finds that comity principles generally bar federal courts from granting damages relief related to allegedly unconstitutional state tax collection actions. ECF No. 16, PageID.134.

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Plaintiffs filed a timely objection to the Report and Recommendation on January 27, 2021. ECF No. 17. Defendant chose not to respond or file any objections of her own. A district court must conduct a *de novo* review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. The Court has reviewed Magistrate Judge Grand's Report and Recommendation and Plaintiffs' filing, and conducted a *de novo* review of the statutes and caselaw cited.

## III. DISCUSSION

Plaintiffs make one main Objection, stating that "the 14th Amendment . . . and the Plaintiffs' 42 U.S.C. § 1983 claim preclude and preempt the Tax Injunction Act and the informal doctrine of comity, thereby affirming federal court jurisdiction." ECF No. 17, PageID.145.

### A. Applicability of the Tax Injunction Act

Plaintiffs first rely on *Felder v. Casey*, 487 U.S. 131 (1998), where the Supreme Court held that a Wisconsin statute requiring notice before a litigant could bring a § 1983 claim was preempted by the federal statute because it conflicted "in both its purpose and effects with the remedial objectives of § 1983." 487 U.S. at 138. Plaintiffs argue that their § 1983 claim should therefore preempt the application of the TIA.

But the doctrine of preemption protects the supremacy of federal law only over conflicting state laws; the TIA is itself a federal law, just as § 1983 is. 5 Mich. Civ. Jur. Constitutional Law § 143. Moreover, there is no analogous conflict here: the TIA does not significantly frustrate the purposes and effects of § 1983. While it prevents plaintiffs from bringing most § 1983 actions related to state tax collection in federal court, it does not prevent § 1983 claims in the appropriate *state* court. Indeed, Judge Grand notes Plaintiffs "could have brought their instant claims, which arise under the United States Constitution, in the Cheboygan County Circuit Court." ECF No. 16, PageID.139. Instead, they chose to file first in the Michigan Court of Claims, and then here in federal court. ECF No. 1, PageID.10. That was their choice, and the consequences of that choice are that this Court cannot exceed the bounds of its jurisdiction.

Plaintiffs next indicate the TIA should not apply because they want damages, rather than injunctive relief. ECF No. 17, PageID.144. While it remains an open question to what extent the TIA divests jurisdiction in

3

suits only for damages, the TIA has been interpreted to bar suits seeking refund of state taxes, which is the remedy Plaintiffs ask for. *Wright v. Pappas*, 256 F.3d 635, 636 (7th Cir. 2001) (collecting cases from the Ninth, Tenth, and Fifth Circuits and noting that "[t]he Act's goal could not be achieved if the statutory language were read literally" to apply only to declaratory and injunctive relief). Fundamentally, in enacting the TIA Congress was concerned with "taxpayers who sought to avoid paying their state tax bill by pursing a challenge route other than the one specified by the taxing authority." *Hibbs v. Winn*, 542 U.S. 88, 105 (2004). That is what Plaintiffs are doing here: seeking to "avoid paying their state tax bill" by extracting a refund from Cheboygan County.

### B. Comity

But even if the Court were to accept that the TIA did not apply in this case, the principles of comity would nevertheless cause the Court to abstain from exercising jurisdiction:

> [The comity] principle . . . prohibits "taxpayers ... from asserting § 1983 actions against the validity of state tax systems in [the lower] federal courts." . . . In such cases, a federal court should normally abstain from hearing the action as long as there is a "plain, adequate, and complete" remedy available to the plaintiff in state court. *Ibid.* While this comity principle reflects some of the same concerns that led Congress to enact the Tax Injunction Act, 28 U.S.C. § 1341, it stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief.

*Chippewa Trading Co. v. Cox*, 365 F.3d 538, 541 (6th Cir. 2004) (citing *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116

4

(1981)). There can be no doubt this is a § 1983 action "against the validity" of the Van Kirks' tax assessment and subsequent foreclosure seeking monetary damages. ECF No. 16, PageID.136-37. Given that, the *Fair Assessment* case makes clear that this action cannot be maintained as long as there is a "plain, adequate, and complete"[1] remedy in state court. And there is: the Michigan General Property Tax Act, which as already stated would have allowed the Van Kirks to bring these claims in Cheboygan County Circuit Court. *Id.* at PageID.138-39; Mich. Comp. Laws § 211.78k(2), (3). This doctrine of comity cannot be "preempted" or "precluded," as Plaintiffs assert throughout their Objection. Those terms only apply to conflicts between state and federal laws. Under our system of federalism, the federal courts have long been instructed to avoid undue interference in state systems of governance such as state tax collection.[2]

The caselaw cited by Plaintiffs describing when the TIA and comity should not apply in fact supports Judge Grand's analysis—they primarily cite Supreme Court cases concerning individuals *defending* against state

---

[1] Courts have not found any distinction between the Act's "plain, speedy, and efficient" language and the "plain, adequate, and complete" language used in the comity doctrine. *Fair Assessment*, 454 U.S. at 116 n.8. Therefore, Judge Grand's analysis is equally applicable here.

[2] The Supreme Court has decided that, for certain kinds of § 1983 claims, comity is not a bar. *See, e.g., Monroe v. Pape*, 365 U.S. 167 (1961). But it expressly stated in *Fair Assessment* that in the case of "a § 1983 challenge to the administration of state tax laws . . . the principle of comity controls." 454 U.S. 100, 105 (1981).

5

government collection suits, but here Plaintiffs challenge the state's tax collection power. ECF No. 17, PageID.1498-152. The remainder of the analysis concerns their dissatisfaction with the outcome of their Court of Claims case, which is not relevant here. *Id.* at PageID.148-49.

## CONCLUSION

While the Court does not minimize Plaintiffs' sincere sentiments that they have experienced a "deprivation of substantial rights," ECF No. 17, PageID.149, the law provides that this Court is not the appropriate venue for their grievances, and Judge Grand's recommendation must therefore be adopted. For the reasons set forth, Plaintiff's objection is **OVERRULED**, and the Report and Recommendation is **ADOPTED** in full. The case will be **DISMISSED WITH PREJUDICE**. Defendant's motion (ECF No. 5) is **DENIED** as moot.

**DATED** this 26th day of February, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge